IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11366
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RYAN MAZEY,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-15-ALL-L
---------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ryan Mazey appeals his conviction for conspiracy to commit theft and to transport, and the transportation of, stolen property in interstate commerce.  He argues that the district court erred when it refused to grant him a new trial based on newly discovered evidence and when it did not voir dire the jury to assess the severity of any tainting that may have occurred when juror Brown stated that he believed Mazey was guilty.

    To obtain a new trial based upon the discovery of new evidence, Mazey must establish that (1) the evidence was newly

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovered and unknown to him at the time of the trial;
(2) failure to detect the evidence was not a result of his lack of due diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence will likely produce an acquittal. United States v. Ardoin, 19 F.3d 177, 181 (5th Cir. 1994). We review a district court's denial of a motion for a new trial based upon new evidence for a clear abuse of discretion. United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996).

Mazey has failed to establish that the evidence was newly discovered and unknown to him at the time of trial, and he has not shown that the alleged failure to detect the evidence was not due to a lack of due diligence. The record establishes that Mazey was notified that the date of November 28, 1998, was at issue from both the superseding indictment and the Government's motion for reciprocal discovery. Mazey's contention that the November 28 date first became an issue during trial is therefore meritless. Furthermore, the fact that Mazey did not have in his possession at the time of trial the time-stamped copy of the credit card receipt does not render that evidence "unknown." Mazey was clearly placed on notice regarding the possibility of interposing an alibi defense for the night of November 28, 1998, and, therefore, the fact that he did not have the relevant evidence in his possession at the time of trial reflects a lack of diligence. The district court therefore did not abuse its discretion in denying his motion.

After the court questioned a juror about his pretrial opinion of Mazey's guilt, Mazey did not request the district court to voir dire the remaining jurors. A defendant implicitly waives objections to juror misconduct when counsel fails to act, before verdict, upon information known to defendant or counsel. United States v. O'Keefe, 722 F.2d 1175, 1178 n.1 (5th Cir. 1983).

AFFIRMED.